Nicholsoh, C. J.,
delivered the opinion of the Court.
On the third of February, 1860, G. S. Gray and his wife, Lucy F. Gray, conveyed a house and lot in Gallatin to Joseph M. Eobb, for the purpose of securing and indemnifying him against loss by reason of suretyship on the bond of said G. S. Gray as guardian of certain minors. The deed was acknowledged on the day of its execution, before *75 tbe Clerk of tbe County Court of Sumner County, •by G-. S. Gray and Lucy Gray, tbe latter having been examined privily as tbe law directs; and on tbe same day tbe deed was filed for registration, and was properly registered. -
Tbe bill in this case was filed on tbe 11th of February, 1860, by Lucy F. Gray, by next friend, against her husband, G. S. Gray, and Joseph M. Robb, for tbe purpose of having tbe said conveyance declared null and void. She alleges that tbe same is null and void as to her, because it was executed without any consideration.
She states that her husband, G. S. Gray bad been appointed guardian of certain minors, and that defendant Robb bad become bound as bis surety, and without any new or other consideration of any kind she executed tbe said deed. She alleges also that on tbe 8th of May, 1862, one Charles J. Grim executed to her a deed for said lot of ground for tbe consideration of $2.00, paid by her father ¥m. Henley — that she was at tbe time of said conveyance tbe wife of defendant, G. S. Gray, and that tbe conveyance vested said property in her for her sole and separate use., She therefore alleges that she bad no power to execute a valid mortgage upon tbe lot,. and that tbe conveyance made by her to defendant Robb, and her acknowledgment before tbe County Court Clerk, were invalid and void.
In tbe deed from Grim to complainant tbe title is vested as follows:
“To have and to bold Said lot and fraction of *76 lot, and every part and parcel thereof, with improvements and appurtenances thereto belonging to said Lucy E. Gray, her heirs and assigns fox ever, to the sole, aid and behoof of the said Lucy E., and her heirs for ever.”
The first question presented arises upon the construction of the foregoing language in the deed from Grim to complainant. Hoes it vest in her an absolute title in fee simple, or an estate for her sole 'and separate use, excluding any right or interest of defendant Gray, her husband?
It is said in sec. 1381, 2 Story Eq., that “there is no doubt, that, when from the terms of the gift, settlement, or bequest, the property is expressly, or by just implication, designed to be for her separate and exclusive use (for technical words' are not necessary), the- intention will be fully acted upon, and the rights and interests of the wife sedulously protected in equity:” 6 Hum., 490; 8 Yer., 33.
The intention, therefore, of the grantor, as ascertained by the language employed, must govern the construction. The language of the conveyance is “to said Lucy E. Gray, her heirs and assigns for ever, to the sole aid and behoof of the said Lucy E., and her heirs for ever.” "Was it the intention of the grantor to vest in complainant only the absolute fee? If so, this was fully accomplished by the use of thé words, “to said Lucy E. and her heirs and assigns for ever” — then why did he add the words, “to the sole aid and behoof of the *77 said Lucy E., and ber beirs for eyer?” It is manifest tbat be intended something more than to convey to complainant the fee simple. "What more be intended is contained in the words, to her sole aid and behoof! The use of. the word “ sole ” indicates distinctly bis intention to exclude from “the aid and behoof” of the "property, all others except complainant and her heirs for ever. Then what did the grantor intend by the words “ aid and behoof?” The manifest sense of the expresssion is, use and benefit. He intended, therefore, to convey the lot to complainant to her sole use and benefit. His purpose was that the use and benefit of it should be exclusively her’s and her children’s. It was, therefore, a conveyance of the lot for the sole use and benefit of complainant and her heirs for ever.
It was intended to be a separate estate in her for her sole use and benefit. It is laid down in 2 Story Eq., § 1882, that if the language of a gift or bequest to a married woman after marriage, be, that she is to have the property “to her sole use and benefit,” the marital rights of her husband will be excluded, and the property will be for her exclusive use.
The next question is,' whether complainant had any power to convey the lot? Npon the well settled doctrine in our State* a married woman has no other power to convey or dispose of her separate estate than that given to her by the instrument which conveys to her the separate estate: 4 Yer., 375; 8 Hum., 159; 1 Swan, 489; 5 Sneed, 450.
*78 If tbe instrument gives to ber no power, then she can exercise none. Such is the present case. ■The grantor has conyeyecl to her an estate for her sole and separate use, but he has given her no power to dispose of it. The deed, therefore, which she executed to Robb, was a nullity.
The Chancellor so held, and we affirm his decree, with costs against defendant Robb.